UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

SHANE CHRISTOPHER BUCZEK,

    Appellant,

v.                                               20-CV-80

KEYBANK NATIONAL
ASSOCIATION,

    Appellee.

───────────────────────────────────

## DECISION AND ORDER

*Pro Se* Debtor and Appellant Shane Christopher Buczek seeks an emergency injunction and temporary restraining order pending his appeal of an order entered by Bankruptcy Court Judge Carl L. Bucki on January 13, 2020, in bankruptcy case No. 19-11441. Upon review of the parties' submissions and the transcript below, Buczek's application is dismissed.

## PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case and will only summarize the relevant procedural history.

Appellee KeyBank National Association ("KeyBank") holds a mortgage on Buczek's real estate at 7335 Derby Road, Derby, NY. On July 19, 2019, Buczek filed this Chapter 13 Bankruptcy case. Chapter 13 Voluntary Petition, *In re Shane Christopher Buczek*, No. 19-11441 (Bankr. W.D.N.Y. , July 19, 2019), Docket Item

1.[1] On November 27, 2019, KeyBank moved for relief from the automatic stay seeking *in rem* relief and to dismiss the bankruptcy case. Bankr. Dkt. 146.

On December 16, 2019, Bankruptcy Judge Bucki held a hearing on KeyBank's motion. By order dated December 16, 2019, (the "Dec. 16 Order"), Judge Bucki granted two-year *in rem* relief from the automatic stay and adjourned the portion of the motion seeking dismissal.[2] Bankr. Dkt. 151. Appellant Buczek timely appealed this order to this Court under case number 20-CV-10. On January 10, 2020, Buczek moved to vacate the Dec. 16 Order, Bankr. Dkt. 187, which was denied in a hearing on January 27, 2020, Bankr. Dkt. 212.

On January 13, 2020, Judge Bucki issued the corrective order ("Jan. 13 Order") that is the subject of this appeal. Bankr. Dkt. 189. The Jan. 13 Order incorporated language to reflect Buczek's opposition and granted the same relief as the earlier Dec. 16 Order:

> ORDERED that the automatic stay under 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property as well as for Movant or its attorneys to bring judicial actions to protect themselves from non-judicial filings made by or on behalf of the debtor; and it is further
> ORDERED that, under 11 U.S.C. § 362(d)(4), and <u>provided</u> that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property.

---

[1] Citations to the docket of Buczek's bankruptcy case (No. 10-11441) will be cited as "Bankr. Dkt."

[2] KeyBank has since withdrawn that part of its motion seeking dismissal of the case. *See* Bankr. Dkt. 155, 207.

Bankr. Dkt. 189, at 1-2. In both orders, Judge Bucki determined that the filing of Buczek's bankruptcy petition "was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings affecting the Property" and cited "good and sufficient cause appearing, including failures to perform the duties of debtors under Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property . . . ." *Id.* On January 22, 2020, Buczek filed a notice of appeal of the Jan. 13 Order in this Court under case number 20-CV-80. Docket Item 1.

On March 11, 2020, Buczek filed an emergency motion for an injunction and a temporary restraining order seeking to prevent enforcement of the Jan. 13 Order's lifting of the automatic stay imposed and, thereby, preventing the sale of the property scheduled to take place on March 25, 2020.[3] Docket Item 3. On March 18, 2020, KeyBank opposed the emergency motion. Docket Item 5. Buczek filed a reply on March 23, 2020.

---

[3] In its opposition, KeyBank states that all foreclosure auctions and sales, including the March 25, 2020 sale of the subject property, have been postponed by a state administrative order due to COVID-19 and health concerns. Docket Item 5, Mem. ¶¶ 6-7. KeyBank argues that Buczek's motion is therefore moot. *Id.* ¶¶ 2-9. KeyBank also states that it is in the process of confirming that this foreclosure auction has been taken off the calendar. *Id.* ¶ 6. This Court acknowledges that on March 2020, Governor Andrew Cuomo issued an executive order: "[t]here shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days." N.Y. Exec. Order No. 202.8 (Mar. 20, 2020), https://www.governor.ny.gov/news/no-2028-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency. Given that Buczek's motion seeks to stay the Jan. 13 order and to enjoin the foreclosure sale generally, the motion is, nevertheless, ripe.

3

# DISCUSSION

Buczek seeks to enjoin the foreclosure sale. Given that the Jan. 13 Order lifts the automatic stay and allows for foreclosure sale of the subject property, the Court reads his motion for an injunction and temporary restraining order as also seeking a stay pending appeal. *See Akers v. Gregory Funding, LLC*, No. 3:17-1470, 2018 WL 2363976, at *3 (M.D. Tenn. May 24, 2018), *report and recommendation adopted by* 2018 WL 2455287 (M.D. Tenn. Jun. 1, 2018) (reviewing the appellant's motion for a preliminary injunction as a motion for stay pending appeal subject to Bankruptcy Rule 8007 requirements).

This Court does not have jurisdiction over Buczek's motion. Federal Rule of Bankruptcy Procedure 8007 requires a party seeking a "stay of a judgment, order, or decree of the bankruptcy court pending appeal" or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending" to file the motion initially in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1). In the alternative, a party may move in the court where the appeal is pending if it shows that "moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A). The requirements set forth in Bankruptcy Rule 8007 cannot be suspended by this Court. *See* Fed. R. Bankr. P. 8028.

Here, Buczek failed to show that he first submitted this motion to the bankruptcy court as required or, alternatively, to explain why doing so would be impracticable. This is fatal. "If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction

to hear the matter." *In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012). A failure to seek emergency relief in the bankruptcy court is a critical defect. *See In re Rivera*, No. 5:15-CV-04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015); *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014) ("[D]istrict courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained.")

Courts in this circuit and elsewhere regularly reject motions for a stay pending appeal for failure to adhere to the requirements of Rule 8007.

For example, in *In re Taub*, the debtor moved the District Court for an emergency stay pending her appeal of two orders entered by the bankruptcy judge. 470 B.R. at 275. One of these orders approved the sale and notice procedures proposed by the Trustee for sale of real property owned by the estate. *Id.* at 275-76. The debtor did not seek a stay of these orders from the Bankruptcy Court and waited approximately seven weeks to file with the District Court an Order to Show Cause for Emergency Stay. *Id.* at 276. Thus, the debtor "[bore] the burden of demonstrating her entitlement to bypass the Bankruptcy Court." *Id.* The district court rejected two reasons the debtor offered for her non-compliance with the Bankruptcy Rule: (1) the timing of the orders rendered the matter urgent and left no time for an application in the Bankruptcy Court; and (2) the orders themselves made it clear a stay cannot be expected from the Bankruptcy Court. *Id.* As to the first, the court determined that the debtor's delay in seeking a stay, without explanation, did not permit her to claim urgency. *Id.* As to the second, the district

5

court did not find any language in the orders indicating that the bankruptcy judge would not consider all evidence, listen to the parties, and make an impartial, fair decision regarding a stay. *Id.* at 277 (citing *In re Moreau*, 135 B.R. 209, 212 (N.D.N.Y. 1992) (where appellant satisfied the burden of bypassing bankruptcy court where the bankruptcy judge specifically stated he would not stay his own orders)). Based on this failure to comply with the procedural requirements, the district court found it lacked jurisdiction to hear the debtor's request for an emergency stay of both orders pending appeal and that it was unnecessary for the court to reach the merits of the motion. *Id.*

On March 11, 2020, Buczek filed this emergency motion requesting an effective stay of an order the substance of which has been in effect more than three months, since December 16, 2019. *Id.* at 276. At no point during the time since either the Dec. 16 Order or the Jan. 13 Order did Buczek request a stay of the orders lifting the automatic stay. *See* Docket Item 1, Hr'g Tr. 3, Jan. 21, 2020. Neither has Buczek sufficiently explained why Judge Bucki cannot be expected to consider fairly a stay pending appeal. *See In re Taub*, 470 B.R. at 277.

Similarly, in *In re 347 Linden LLC*, No. 11-CV-1990 (KAM), 2011 WL 2413526 (E.D.N.Y. June 8, 2011), the debtor filed an "Emergency Order to Show Cause with Temporary Restraints" with the district court requesting a stay of two bankruptcy court orders and of a foreclosure sale of the property scheduled to take place in less than a week. *Id.* at *1. These orders granted the creditor's motion requesting relief from the automatic stay and dismissed the bankruptcy petition.

6

*Id.* at \*3. The court declined to review the merits of the debtor's motion because the debtor failed to file the motion to stay with the bankruptcy court in the first instance, thereby depriving the district court of jurisdiction. *Id.* at \*4. The court rejected the debtor's argument that the bankruptcy court indicated, by its *sua sponte* dismissal and other actions, it would not grant the debtor relief. *Id.* at \*4. The debtor had not convinced the court there were unusual or exceptional circumstances excusing the failure to first apply for a motion in bankruptcy court as required by the rule (then Rule 8005). *Id.* at \*5 (noting that, while the debtor cited cases acknowledging the possibility of unusual circumstances excusing failure to follow Rule 8005, the debtor had not provided any cases in which a district court found that such an exception existed). Likewise, Buczek has not provided the court with any exceptional justification for failing to adhere to Rule 8007's requirements.

Finally, in *In re Borjesson*, No. 19-0413MJP, 2019 WL 1327324 (W.D. Wash. Mar. 25, 2019), an appeal was taken from two bankruptcy court orders, one approving a short sale of appellant's residence and the other directing the appellant to surrender and vacate the property. *Id.* at \*1. The appellant then filed an Emergency Motion for a Temporary Restraining Order or Stay, seeking a stay of both bankruptcy court orders. *Id.* Citing Bankruptcy Rule 8007, the district court noted that the appellant did not seek a stay in the bankruptcy court before his emergency motion, nor did he explain why doing so would be impracticable. *Id.* at \*2. This failure alone provided a basis for denial. *Id.* Although the court briefly considered the merits of the motion, ultimately it denied the motion because the

7

appellant had failed to establish grounds for a stay pending appeal under Rule 8007. *Id.* at \*2-3.

This Court similarly need not reach the merits[4] of Buczek's emergency motion because he has not complied with Rule 8007, thereby depriving this Court of the benefit of the Bankruptcy Court's closer familiarity with the case, the issues, and the parties.

This Court understands the need to construe liberally submissions by *pro se* litigants. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). Nevertheless, *pro se* litigants are generally "required to inform themselves regarding procedural rules and to comply with them." *Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008). This Court notes that Buczek has represented himself in these proceedings and others in this district[5] and cites to the Federal

---

[4] The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending appeal, which is practically identical to the test for a preliminary injunction: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the Court's discretion. *See Borjesson*, 2019 WL 1327324, at \*1. Even if this Court had jurisdiction to resolve the motion, Buczek likely fails to establish a substantial possibility of success entitling him to a stay. On this point, the Court relies on Judge Bucki's factual findings in support of the Jan. 13 Order, and notes that a district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *See, e.g.*, *In re Vouzianas*, 259 F.2d 103, 107 (2d Cir. 2011).

[5] Appellant Shane Buczek has participated in a number of lawsuits *pro se*. *See, e.g.*, *Shane Christopher Buczek Estate v. Monaco*, 17-1947, 2017 WL 6502690 (2d Cir. Sept. 13, 2017); *Shane C. Buczek v. Dennis P. Glasscott, et al.*, 16-CV-684S, 2017 WL 1963584 (W.D.N.Y. May 12, 2017); *Buczek v. Cotter*, 14-CV-1024S, 2016 WL

8

Rules of Bankruptcy Procedure numerous times in his submissions. *See, e.g.*, Docket Item 3, at 6-7. On these facts, Buczek's *pro se* status does not excuse his failure to adhere to the procedural requirements in Rule 8007.[6] Indeed, two of the cases discussed above, *In re Taub* and *In re Borjesson*, involved *pro se* appellants who failed to follow this rule.

## CONCLUSION

For these reasons, Buczek's emergency motion is not properly before this Court and is, therefore, dismissed.

SO ORDERED.

Dated:  March 24, 2020
        Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

1316540 (W.D.N.Y. Apr. 5, 2016); *United States v. Buczek*, No. 09-CR-141S, 2011 WL 831125 (W.D.N.Y. Mar. 4, 2011) (appearing *pro se* with stand-by counsel).

[6] Buczek labeled his filing as an "Emergency Motion." Bankruptcy Rule 8013 requires that when a movant requests expedited action on a motion, the emergency motion must be accompanied by an affidavit setting out the nature of the emergency and must state whether all grounds for it were submitted to the bankruptcy court and, if not, why the motion should not be remanded for the bankruptcy court to consider. Fed. R. Bankr. P. 8013(d)(2). Buczek has not done this either.